UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLISON M. RODERICK,

Plaintiff,

v. Case No. 2:26-cv-2547-SPC-KRH

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss and/or for More Definite Statement. (Doc. 8). Plaintiff Allison M. Roderick filed a response[1] (Doc. 19), and with the Court's permission (Doc. 23), Defendant filed a reply (Doc. 24). For the following reasons, the Court denies the motion but nevertheless requires Plaintiff to amend the complaint to add Jaqueline Ponushis as a party.

---

[1] Plaintiff failed to timely respond to the motion to dismiss, requiring the Court to enter an Order to Show Cause to address the matter. (Doc. 16). While Plaintiff filed a response by the new deadline, she did not explain why she failed to timely file a response in the first place.

The Court is all too familiar with Attorney Kevin Bryant's failures to prosecute. In the first iteration of this action, *Roderick v. Hartford Insurance Company of the Midwest*, Case No. 2:23-cv-01169-SPC-NPM, Attorney Bryant failed to timely respond to the motion for summary judgment and never responded to the Court's Order to Show Cause, resulting in dismissal of the case. (Docs. 57, 58). He waited nearly two years to refile this action. (Doc. 2).

The Court's patience with Attorney Bryant's lack of diligence is at an end. Future failures to timely respond to motions or Court orders may result in sanctions against Attorney Bryant or dismissal of this action for failure to prosecute without further notice.

Plaintiff purchased an insurance policy from Defendant to insure her property at 842 Monticello Court, Cape Coral, Florida 33904.[2] (¶¶ 6–8). On September 28, 2022, Hurricane Ian damaged Plaintiff's property. (¶ 10). Plaintiff filed a claim, but Defendant allegedly undervalued it. (¶ 15). So Plaintiff sued Defendant for breach of contract (count I) in state court. Defendant removed the case, invoking the Court's diversity jurisdiction. (Doc. 1 at 2).

Now, Defendant moves to dismiss and/or for more definite statement, arguing that Plaintiff failed to join named insured Jaqueline Ponushis (or her estate) as a plaintiff in this action or otherwise address Ponushis' interest in the policy. (Doc. 8). Ponushis, who died around June 2, 2023, is a named insured on the policy but is not a party in this case. (Doc. 8 at 1). Defendant explains that because the Complaint fails to either join Ponushis as a plaintiff or otherwise address her interest in the policy,[3] the Court should either order Plaintiff to amend the Complaint or provide a more definite statement to address why Ponushis is believed to not have an interest in this action. (*Id.* at 2).

[2] The Court accepts the well-pleaded facts in the Complaint (Doc. 2) as true and construes them in the light most favorable to Plaintiff. *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012). The Court cites the allegations in the Complaint as (¶ [number]).
[3] Plaintiff alleges that she is not in possession of a certified copy of the policy. (¶ 7).

In response, Plaintiff explains that the title to the property does not name Ponushis, and the trusts through which she once held an interest conveyed the property to Plaintiff before the loss. (Doc. 19 at 2). Because Plaintiff argues Ponushis had "no insurable interest at the time of loss," the Court should deny the motion, or alternatively, grant leave to amend or order joinder under Rule 19(a)(2). (*Id.*). With these arguments in mind, the Court examines whether Ponushis should be joined, and if so, whether joinder is feasible.

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint for failure to join an indispensable party under Federal Rule of Civil Procedure 19. Courts use a two-part test set forth in Rule 19 for determining whether a party is indispensable:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Fla. Wildlife Fed. Inc. v. U.S. Army Corps. Of Engr'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017) (quoting *Focus on the Family v. Pinellas Suncoast Tr. Auth.*, 344 F.3d 1263, 1279–80 (11th Cir. 2003)).

A party is required if "in that person's absence, the court cannot accord complete relief among existing parties" or the party "claims an interest relating

to the subject of the action and is so situated that disposing of the action" without that person's presence may "as a practical matter impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a); *see also Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999) ("A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings."). This first inquiry is "control[ed] [by] . . . pragmatic concerns, especially the effect on the parties and the litigation." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (citation omitted).

If a party is necessary and cannot be joined, the court must next determine "whether in 'equity and good conscience,' the suit should proceed without the necessary party," considering the factors enumerated in Rule 19(b). *Laker Airways*, 182 F.3d at 848 (quoting Fed. R. Civ. P. 19(b)).

First, the Court finds that Defendant has met its burden to show that Ponushis should be joined as a required party under Rule 19(a). Ponushis was a named insured on the policy at the time of the loss. In the Eleventh Circuit, "[i]t has often been held that joint obligees are indispensable parties when suing an obligor." *Holland v. Lexington Ins. Co.*, No. 21-14375-CV, 2022 WL

18542008, at *2 (S.D. Fla. Mar. 18, 2022) (quoting *Bry-Man's, Inc. v. State*, 312 F.2d 585, 587 (5th Cir. 1963)); *see also Brackin Tie, Lumber & Chip Co., Inc. v. McLarty Farms, Inc.*, 704 F.2d 585, 586 (11th Cir. 1983) ("A review of the case law in this area reveals that the majority of courts hold that . . . joint obligees are indispensable parties.")).

Here, it remains possible that Ponushis' estate could claim an interest relating to the benefits under the policy. As Defendant points out, despite not being named on the deed to the property, Ponushis could still have an interest in the policy under the definition of an "insured." (Doc. 24 at 5). Ponushis' estate or personal representative "could, potentially bring a subsequent suit against Defendant under the Policy." *See Rozier v. Hartford Ins. Co. of the Midwest*, No. 14-CIV-20547, 2014 WL 6751639, at *3 (S.D. Fla. Dec. 1, 2014). "In other words, there is a substantial risk that if [Ponushis'] estate or personal representative is not added as a party in this action and Defendant pays the alleged additional damages to Plaintiff, Defendant might face the burden of paying twice in a later action brought by [Ponushis'] estate." *Id.*; *see also Holland*, 2022 WL 18542008, at *2 (concluding that "Defendant would be prejudiced by the exposure to multiple suits and inconsistent results stemming from a single claim" if insured under the policy party was not joined). Therefore, the Court finds that Ponushis should be joined under Rule 19(a).

Next, the Court considers whether joinder is feasible. It is. Joinder of Ponushis would not deprive the Court of subject matter jurisdiction. In the motion, Defendant states that on information and belief, Ponushis was a citizen and resident of Florida at the time of her death, so she (or her estate) may be served in Florida and joined in this action. (Doc. 8 at 6). Plaintiff does not dispute as much. (*See generally* Doc. 19). Because both Plaintiff and Ponushis would be citizens of Florida, and Defendant is an Indiana and Connecticut citizen (Doc. 1 at 3), the parties are diverse. *See Rozier*, 2014 WL 6751639, at *2 (finding joinder of estate would not destroy diversity). And, as no party has raised the issue, there appears to be no issue with personal jurisdiction either. Ponushis' joinder is feasible under these circumstances.

Because joinder is feasible, dismissal under Rule 19 is not appropriate. *Holland*, 2022 WL 18542008, at *3 (citing *Laker Airways*, 182 F.3d at 848 ("*If* a necessary party cannot be joined, the court must *then* proceed to Rule 19(b) and consider whether" the suit should be dismissed.) (emphasis added in *Holland*)). Rather, the appropriate recourse is to require Ponushis to be joined as a party in this matter. *Id.* (citing *Focus on the Family*, 344 F.3d at 1280 (explaining that when the standard for dismissal has not been met because the party can be joined, the district court should require joinder)). Therefore, Ponushis must be joined.

Accordingly, it is

**ORDERED:**

1. Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss and/or for More Definite Statement (Doc. 8) is **DENIED**.

2. Jaqueline Ponushis' estate must be joined as a party in this matter by the filing of an amended complaint by **December 1, 2026**. Failure to comply with this Order may result in dismissal without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record